IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
IN RE:                          *
                                *
THOMAS J. McFARLAND,            *   Chapter 7 Case No. 11-10218
                                *
     Debtor.                    *
                                *
_____*
                                *
THOMAS J. McFARLAND, and        *
SHERRY H. McFARLAND,            *
                                *
     Appellants,                *
                                *   Adversary Case No. 11-01021
          v.                    *   Appeal Case No. CV 113-210
                                *
A. STEPHENSON WALLACE,          *
Trustee,                        *
                                *
     Appellee.                  *
```

**O R D E R**

Thomas McFarland ("Debtor") and his wife ("Mrs. McFarland") appeal the Bankruptcy Court's September 30, 2013 Order determining that Debtor's transfer of a half interest in certain real property to Mrs. McFarland was a fraudulent conveyance subject to avoidance under 11 U.S.C. § 548. As there is an abundance of circumstantial evidence supporting the Bankruptcy Court's findings that Debtor (1) made the transfer with actual intent to hinder, delay, or defraud a creditor, and (2) received less than reasonably equivalent value in exchange for the transfer while believing that he would incur debts beyond his ability to pay, this Court finds no clear error and **AFFIRMS** the Bankruptcy Court's Order.

## I. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rules 8001 et seq. In reviewing a bankruptcy court's decision, the Court must accept the bankruptcy court's findings of fact, which "shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013; see also Club Assocs. v. Consol. Capital Realty Investors (In re Club Assocs.), 951 F.2d 1223, 1228 (11th Cir. 1992). "The bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, [the court is] left with the definite and firm conviction that a mistake has been made." Westgate Vacation Villas, Ltd. v. Tabas (In re Int'l Pharmacy & Disc. II, Inc.), 443 F.3d 767 (11th Cir. 2005). The Court is not authorized to make independent factual findings. Equitable Life Assurance Soc'y v. Sublett (In re Sublett), 895 F.2d 1381, 1384 (11th Cir. 1990). In contrast, the Court reviews legal conclusions by the bankruptcy court de novo. In re Club Assocs., 951 F.2d at 1228.

## II. DISCUSSION

The overarching issue is whether Debtor's transfer of a half interest in three lots of real property located in Chatham County ("Property") to his wife was a fraudulent conveyance. Under 11 U.S.C. § 548, the trustee may avoid any transfer of an interest of the debtor in property that was made within two years prior to filing the bankruptcy petition if the debtor:

> (A) made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the

2

>                    debtor was or became, on or after the date that such
>                    transfer was made . . ., indebted; <u>or</u>
>
>           (B)      (i) received less than a reasonably equivalent value
>                    in exchange for such transfer . . . ; and
>
>                    (ii) . . . (III) intended to incur, or believed that
>                    the debtor would incur, debts that would be beyond
>                    the debtor's ability to pay as such debts matured[.]

11 U.S.C. § 548(a)(1) (emphasis added). The appeal presents three questions: (1) whether Debtor actually transferred a half interest in the Property to Mrs. McFarland or whether she already equitably owned a half interest in the Property, (2) whether Debtor made the transfer with actual intent to hinder, delay, or defraud a current or future creditor under § 548(a)(1)(A), and (3) whether Debtor received less than a reasonably equivalent value in exchange for the transfer and believed that he would incur debts that would be beyond his ability to pay under § 548(a)(1)(B)(i)-(ii)(III).

First, the Court must determine whether Debtor actually transferred a half interest in the Property to Mrs. McFarland through a Deed of Gift in November 2009. Debtor and Mrs. McFarland argue that Mrs. McFarland already equitably owned a half interest in the Property by virtue of a purchase money resulting trust. Therefore, they contend the Deed of Gift did not convey any equitable interest in the Property but "merely corrected" the legal records to reflect her previously vested half interest in the Property.

"A purchase money resulting trust is a resulting trust implied for the benefit of the person paying consideration for the transfer to another person of legal title to real or personal property."

3

O.C.G.A. § 53-12-131(a). Here, the Bankruptcy Court correctly determined that Mrs. McFarland was not entitled to an implied purchase money resulting trust because she did not pay consideration for the Property to be transferred to Debtor when he initially acquired it. In 1968, Debtor acquired the Property by warranty deed for $15,000. He financed the purchase with a $10,000 loan from Atlantic Savings & Trust, Co. and a $5,000 loan from Mrs. McFarland's father, Noel Harrison.[1] Only Debtor signed the promissory notes and security deeds, and only Debtor was listed on the warranty deed. Although Appellants used a joint bank account to pay off these loans, Mrs. McFarland's contributions to the account were de minimis over the course of the loan repayment terms. Moreover, Appellants did not show with any degree of certainty the amount contributed by Mrs. McFarland. This is insufficient to establish a purchase money resulting trust in the Property. See Brown v. Leggitt, 226 Ga. 366, 368 (1970) ("Where a party seeks to establish a beneficial interest in certain real estate on the theory that he has paid a part of the purchase money, he must show with certainty what part of the total purchase price he paid.").

As the Bankruptcy Court correctly determined that Mrs. McFarland did not own a half interest in the Property by virtue of a purchase money resulting trust or otherwise, the Trustee had

---

[1] It is of little importance that Mr. Harrison, prior to loaning the $5,000 to Debtor, had set aside the $5,000 for Mrs. McFarland's college education. Mr. Harrison never delivered and Mrs. McFarland never accepted the $5,000 as a gift. The $5,000 was never otherwise transferred to Mrs. McFarland. Thus, it cannot constitute property of Mrs. McFarland that was transferred by her as consideration for Debtor's purchase of the Property.

4

power to avoid the November 2009 transfer if the Trustee satisfied his burden to prove that the transfer was fraudulent under either § 548(a)(1)(A) or § 548(a)(1)(B)(i)-(ii)(III). Satisfaction of these statutory prongs entails questions of fact and, therefore, the Bankruptcy Court's findings should be set aside only if clearly erroneous. See Wessinger v. Spivey (In re Galbreath), Bankr. No. 99-60517, 2002 WL 34721371, at *3 (Bankr. S.D. Ga. Dec. 16, 2002) (actual intent under § 548(a)(1)(A) is a "classic fact question"); Senior Transeastern Lenders v. Official Comm. of Unsecured Creditors (In re TOUSA, Inc.), 680 F.3d 1298, 1310-11 (11th Cir. 2012) (reviewing bankruptcy court determination under § 548(a)(1)(B) for clear error).

The Bankruptcy Court determined that the Trustee satisfied his burden to prove that Debtor made the transfer with actual intent to hinder, delay, or defraud a current or future creditor under § 548(a)(1)(A). In doing so, the Bankruptcy Court carefully reviewed the circumstantial evidence surrounding the November 2009 Deed of Gift. Specifically, the Court found that Debtor held the Property in his name for forty years prior to transferring a half interest to Mrs. McFarland as a reaction to a pending law suit against him. In April 2008, Joylynn Hagen filed suit against Debtor for personal injuries sustained in a car accident with Debtor. Debtor knew that Ms. Hagen suffered serious injuries and lost a substantial amount of wages as a result of the accident. On October 29, 2009, Debtor and Ms. Hagen attempted and failed to mediate the claim. Eleven days later, Debtor transferred a half interest in the Property to

5

Mrs. McFarland by the Deed of Gift. Debtor received no consideration in exchange for the half interest at the time of the transfer. And Debtor, at trial, admitted that he feared Ms. Hagen's attorney would try to "ruin him" and executed the Deed of Gift to protect Mrs. McFarland's purported half interest in the Property. In light of these facts, the Court finds no clear error in the Bankruptcy Court's finding that Debtor transferred the half interest with "actual intent to hinder, delay, or defraud" Ms. Hagen, a person to whom Debtor eventually became indebted as a result of a substantial judgment in the personal injury action.

The Bankruptcy Court also determined that the Trustee satisfied his burden to prove that Debtor received less than reasonably equivalent value in exchange for the transfer and believed he would incur debts beyond his ability to pay under § 548(a)(1)(B)(i)-(ii)(III). The half interest in the Property transferred to Mrs. McFarland was worth approximately $350,000. Debtor received no real value in exchange, let alone reasonably equivalent value, from Mrs. McFarland at the time the Deed of Gift was executed. The Court finds no clear error in the finding that Debtor received less than a reasonably equivalent value for the transfer.

Likewise, the Court finds no clear error in the Bankruptcy Court's finding that Debtor believed he would incur debts beyond his ability to pay. Debtor executed the Deed of Gift shortly after a failed mediation of Ms. Hagen's personal injury claim, and Debtor knew that Ms. Hagen sought substantial damages. Further, Debtor

6

was admittedly motivated to transfer a half interest in the Property because he believed that Ms. Hagen's attorney was trying to ruin him. This evidence is sufficient to support the Bankruptcy Court's finding that Debtor believed he would not be able to satisfy an anticipated judgment in the personal injury action. There is no clear error.

### III. CONCLUSION

For the reasons set forth, the Bankruptcy Court's September 30, 2013 Order is **AFFIRMED**. The Trustee's Motion for Oral Argument (doc. no. 8) is **DENIED AS MOOT**. The Clerk shall terminate all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ____8th____ day of August, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

7